MR. JUSTICE SHEEHY,
dissenting in part and concurring in part:
I would hold that Section 45-1-104(1), MCA, which describes the crime of negligent homicide, is unconstitutionally vague, when considered with the definition of “negligently” set out in Section 45-2-101(37), MCA.
The statute leaves the determination of criminal conduct to a jury’s perception of the standard of conduct that a “reasonable” person would have observed in the actors’ situation, and then the jury’s perception of what involves a “gross deviation” from that standard. The statutory scheme is too uncertain to be upheld. We may well disapprove of the defendant’s conduct on the day in question, but his conviction for criminal negligent homicide is based on formless and indistinct statutes which inadequately describe what constitutes a crime. On their face, the statutes defy containment.
I further disagree with the holding of the majority respecting the instruction on circumstantial evidence. If we regard the statements of the defendant that he was driving as direct evidence (I do not since they are at most admissions), the corroboration for those statements exists only in circumstantial evidence. There is no other direct evidence. To be truly corroborative, the circumstantial evidence should be consistent only with the hypothesis that he was guilty of a crime, and not consistent with any other rational conclusion. The jury should have been so instructed, by the court, if the instruction offered by the defendant was not accurately stated. The majority reliance on State- v. Bean, supra, is faulty on two bases: such an instruction was not offered in Bean, and, if Bean is interpreted as the majority interprets it, the holding is incorrect.
Whether the State undertakes to prove the guilt of the defendant *479 by direct evidence, or indirect (circumstantial) evidence, or by a combination of direct and indirect evidence, the facts and circumstances in evidence produced by the State should be consistent with each other and with the guilt of the defendant, and inconsistent with any reasonable theory of the defendant’s innocence. That is merely another way of saying that the State must prove its case against the defendant beyond a reasonable doubt.
I have other problems with the majority opinion, but these will suffice. I would reverse the conviction of criminal homicide against the defendant, and sustain his conviction of driving under the influence of intoxicating liquor.